**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **VANESSA EVANS-RHODES** | § | |
| | § | |
| *Plaintiff*, | § | **C.A. NO. _____** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **NORTHWEST DIAGNOSTIC CLINIC,** | § | |
| **P.A.** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF VANESSA EVANS-RHODES (hereinafter "Rhodes" or "Plaintiff") brings this suit against and complains of NORTHWEST DIAGNOSTIC CLINIC, P.A. hereinafter "Northwest" or "Defendant"), as follows:

### A.     PARTIES

1.     Plaintiff Vanessa Evan-Rhodes is an individual, who is a citizen of the State of Texas.

2.     Defendant Northwest Diagnostic Clinic, P.A. is a domestic for-profit corporation that may be served through its registered agent John Watson at 1140 Cypress Station Drive, Suite 105, Houston, Texas  77090 or wherever he may be found.

### B.     JURISDICTION AND VENUE

3.     This action arises under the laws of the United States, specifically (1) Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Acts of 1991; (2) 42 U.S.C. § 2000e-

5(f)(1) and (3); (3) 42 U.S.C.§ 1981.  Accordingly, this Court has jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. § 1331.

### C.        EXHAUSTION OF ADMINISTRATIVE PROCEDURES

4.        Plaintiff timely filed with the Equal Employment Opportunity Commission, hereinafter "EEOC", a charge of race and retaliation against Northwest.  The EEOC made a Determination of Retaliation.  Plaintiff received a notice of right to sue from the EEOC within ninety (90) days of filing this complaint.

### D.        STATEMENT OF FACTS

5.        Plaintiff Vanessa Evan-Rhodes is an African American female who was employed with Northwest  from on or about January 4, 2011 through June 7, 2011.  Plaintiff was hired as a Healthcare Coding Specialist/Auditor.

6.        Plaintiff's supervisor was the Director of Network Operations, Pam Audish, a Caucasian female.

7.        On or about June 2, 2011, Plaintiff's Caucasian co-worker, Sonya Taylor, the Quality Improvement Specialist, made a racially derogatory comment towards African Americans to Plaintiff.

8.        Plaintiff was highly offended by the racially derogatory towards African Americans and immediately complained about Ms. Taylor's comment to her supervisor, Pam Audish.

9.        Ms. Audish responded to Plaintiff that prior to making such a complaint that Plaintiff needed to sleep on it, implying that she needed to really think about whether or not she truly wanted to lodge such a complaint.

10.       In addition to complaining to her supervisor, Ms. Audish, Plaintiff complained to Kim Taylor, the Human Resource Director, about the discriminatory and racially derogatory comment

that Ms. Taylor.

11.     Immediately, following Plaintiff's complaints of discrimination to her supervisor and the Director of Human Resources, Plaintiff became a victim of retaliation.

12.     On June 7, 2013, approximately four days following her complaints of discrimination and of a racial harassment, Plaintiff was terminated.

13.     Following her termination, Plaintiff filed a Charge of Discrimination/Retaliation with the EEOC.

14.     Subsequent to the EEOC's investigation, the EEOC made a Determination of Retaliation in favor of Plaintiff.

### E.      CAUSES OF ACTION

### Count No. 1-Race Discrimination and Retaliation Under Title VII of the Civil Rights Act

15.     Plaintiff repeats and re-alleges paragraphs 1 through 14 with the same force and effect as though fully set forth herein.

16.     Defendant's actions demonstrate that they have engaged in racial discrimination and retaliatory practices with malice or with reckless indifference to Plaintiff's protected rights and is in violation of Title VII of the Civil Rights Act.   Following her complaints of racial discrimination and harassment, Plaintiff became a victim of retaliation and was ultimately terminated.

17.     In addition, Plaintiff avers that Defendant's unlawful race discrimination and retaliatory actions on account of her reporting and opposing the ongoing discrimination violates the provisions and is in violation of Title VII justifying an award, *inter alia*, of compensatory and punitive damages against Defendant.

18.     Such discrimination and retaliation has caused Plaintiff to suffer damages of severe

emotional distress, lost wages, including raises, retirement benefits, loss of promotion, and other benefits associated as Plaintiff has been subjected to adverse employment actions as a result of the discrimination and retaliation. Such discrimination and retaliation was committed with malice and reckless indifference to the rights of Plaintiff who endured discrimination, opposed such, and reported discriminatory behavior and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

19.     Plaintiff has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated and retaliated against by Defendant. Plaintiff is now suffering and will continue to suffer past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of Defendant's retaliatory practices and they will continue unless and until this Court grants relief.

**Count No. 2-Racial Discrimination and Retaliation Under**

**Reconstruction Civil Rights Acts, 42 U.S.C. § 1981**

20.     Plaintiff repeats and re-alleges paragraphs 1 through 19 with the same force and effect as though fully set forth herein.

21.     Defendant's intentional racial discrimination against Plaintiff as well as the pattern and practice of this are in violation of the Reconstruction Civil Rights Acts, 42 U.S.C. § 1981. Defendant's retaliation against Plaintiff as well as the pattern and practice of this are in violation of the Reconstruction Civil Rights Acts, 42 U.S.C. § 1981 as well. Such discrimination and retaliation has caused Plaintiff to suffer damages of severe emotional distress, lost wages, including raises, retirement benefits, loss of promotion, and other benefits associated as Plaintiff

has been subjected to adverse employment actions as a result of the discrimination and retaliation.

22.     Such discrimination and retaliation was committed with malice and reckless indifference to the rights of Plaintiff and other racial minorities to "have the same right…to make and enforce contracts… as is enjoyed by other citizens" and to the intent of the statute to protect victims from unequal treatment.  Such malicious or reckless indifference warrants an award, *inter alia*, of compensatory and punitive damages, as are authorized by law for 42 U.S.C. § 1981 violations.

## Count No. 3-Hostile Work Environment Under Title VII of the Civil Rights Act

23.     Plaintiff repeats and re-alleges paragraphs 1 through 22 with the same force and effect as though fully set forth herein.

24.     Plaintiff was subjected to a hostile work environment based upon their race.  She belongs to a protected class, African American, she was subject to unwelcome harassment, the harassment was based upon her membership in the protected class, the harassment affected a term, condition or privilege of their employment and Northwest knew or should have known of the harassment and failed to take prompt remedial action.

25.     The facts demonstrating that Plaintiff was subjected to a racially hostile work environment based on race, African American, include the following:  Plaintiff is an African American.  On or about June 2, 2011, Plaintiff's Caucasian co-worker, Sonya Taylor, the Quality Improvement Specialist, made a racially derogatory comment towards African Americans to Plaintiff.   The harassment affected a term, condition, or privilege of the Plaintiff's employment, in that it was sufficiently severe or pervasive to create a work environment that is both subjectively and objectively abusive, i.e., one that Plaintiff perceived as abusive and one that a reasonable person would find hostile or abusive.

## F.  DEMAND FOR A JURY

26.     Plaintiff demands a jury trial.

## G.  DAMAGES

27.     Plaintiff is entitled to an award of actual and compensatory damages in an amount that exceeds the minimum jurisdictional limits of this Court.  These include her past and future loss of higher wages, raises, and or bonuses.  Plaintiff also seeks an award of damages for her mental anguish and the losses she has suffered and continues to suffer.

28.     Further, because the Defendant's acts and omissions were committed with malice and/or with reckless disregard of the consequences, they justify the imposition of exemplary damages in addition to the compensatory damages to which Plaintiff is entitled.  A reasonable amount for exemplary damages in this case should take into consideration the need to deter future conduct of this type.

29.     Plaintiff also seeks compensation for the out-of-pocket expenses, attorney's fees, and costs of Court she will have incurred in this action.

30.     Plaintiff believes that a jury should put a dollar value on these damages after it hears the evidence.

## H.  PRAYER

31.     For these reasons, Plaintiff Vanessa Evans-Rhodes prays that Defendant be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

    a)      An award of reasonable attorney's fees and the cost and expenses related to the litigation of this claim;

    b)      Loss of earnings sustained by Plaintiff from date of discrimination and

retaliation to date of trial;

c)      Loss of earning and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

d)      Mental anguish, embarrassment, inconvenience, pain and suffering sustained by Plaintiff from the date they were discriminated against to the end of trial;

e)      Mental anguish, embarrassment, inconvenience, pain and suffering reasonably anticipated to be suffered by Plaintiff in the future;

f)      Actual damages suffered by Plaintiff, past and future;

g)      Past and future medical expenses;

h)      Punitive and exemplary damages; and

i)      Pre-judgment interest at the highest rate allowed by law;

j)      Post-judgment interest at the highest rate allowed by law;

k)      A judgment against the Defendant for compensatory damages; and

l)      Such other relief, legal or equitable, as may be warranted.

Respectfully submitted:

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
_____
Melissa Moore
State Bar No. 24013189
Rochelle Owens
State Bar No. 24048704
Lyric Centre
440 Louisiana, Suite 675
Houston, Texas  77002
Telephone: 713.222.6775
Facsimile: 713.222.6739

**ATTORNEYS FOR PLAINTIFFS**