IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **VANESSA EVANS-RHODES** | § | |
| | § | |
| *Plaintiff*, | § | C.A. NO. 4:13-cv-01626 |
| | § | |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| **NORTHWEST DIAGNOSTIC** | § | |
| **CLINIC, P.A.** | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)**

TO THE HONORABLE JUDGE KEITH P. ELLISON:

COMES NOW Plaintiff Vanessa Evans-Rhodes, and responds herein to Defendant Northwest Diagnostic Clinic, P.A.'s Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendant's motion should be denied.

## I.   INTRODUCTION

On June 3, 2013, Plaintiff Vanessa Evans-Rhodes filed suit against Defendant Northwest Diagnostic Clinic, P.A. for race discrimination and retaliation under Title VII of the Civil Rights Act and 42 U.S.C. § 1981, and hostile work environment under Title VII of the Civil Rights Act. All of Plaintiff's claims have been sufficiently pled.

First, not only does Plaintiff's Complaint allege that her Caucasian co-worker made a racially derogatory comment towards her, it also alleges that her Caucasian supervisor tried the intimidating tactic of attempting to prevent Ms. Rhodes from

complaining about it by stating that she needed to really thing about whether she wanted to complain as if she could regret it later, showing more than "one joke" as alleged by Defendant, but a systemic failure in the company's discrimination and retaliation policies and violations of Title VII and Section 1981.

Furthermore, Plaintiff's Complaint alleges a claim for race discrimination and retaliation as well as a hostile work environment when she specifically stated that her co-worker made a racially derogatory comment towards her as an African American, she complained about it, her Caucasian manager implied her actions may be regretful and Defendant subsequently terminated Ms. Rhodes just days later as a result of complaint. See Docket Entry No.1 at ¶¶ 7-9, 11, 16, 18, 19, 21, 24-25.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). The Supreme Court clarified the standards that apply to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court stated that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 2007 WL

4260892, at *1 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Rhodes has well pled factual allegations for her race discrimination and retaliation claims under 42 U.S.C. § 1981 and Title VII and hostile work environment claim under Title VII.

### III.   ARGUMENT AND CITATION TO AUTHORITY

When ruling on a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court recognizes that a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief---including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); see also *Muhammad v. Dallas County Community Supervision & Corr. Dep't,* 479 F.3d 377, 379 (5th Cir. 2007) (the Court accepts all well-pleading facts within the complaint as true, and views those facts in a light most favorable to the Plaintiff).  The issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support her claim. *Muhammad v. Dallas County Community Supervision & Corr. Dep't,* 479 F.3d 377, 379 (5th Cir. 2007). Thus, the Court should dismiss only if the Court concluded that Plaintiff "would not be entitled to relief under any set of facts or any possible theory that [s]he could prove consistent with the allegations in the complaint." *Id.*

3

Furthermore,

> the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts on which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give … notice of what the plaintiff's claim is and the grounds upon which it rests. … Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

*Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). *Id.* (internal citations omitted).

**A.    Plaintiff Rhodes' Complaint Sufficiently Alleges Race Discrimination Under § 1981 and Title VII.**

To adequately state a claim of race discrimination, a plaintiff must allege facts to show, or facts from which the court can reasonably infer, that:

(1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (footnote omitted). The fourth prong may also be met if a plaintiff shows that he was replaced by a person who is not a member of the protected class. *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003). While it is not necessary for "an employment discrimination plaintiff [to] plead a *prima facie* case of discrimination," *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 515 (2002), he must plead sufficient factual content that

4

permits the court to infer reasonably that a defendant is liable for the allegedly discriminatory conduct made the basis of the lawsuit. With respect to her race discrimination claim, the court knows that Plaintiff is an African-American female, that she must have been qualified for her position as she was specifically hired as a Healthcare Coding Specialist/Auditor, that her Caucasian co-worker made a racially derogatory comment towards African Americans to the Plaintiff, that Plaintiff complained to her Caucasian supervisor and to human resources and her supervisor attempted to intimidate her by stating that she should rethink her complaint, and that she suffered an adverse employment action within days after her complaint. The court can reasonably infer from the allegations of the Complaint that Plaintiff's race was a factor in her treatment and she put Northwest Diagnostic Clinic, P.A. on fair notice of the grounds upon which her race discrimination claim rests.

### B. Plaintiff Rhodes' Complaint Sufficiently Alleges Retaliation Under § 1981 and Title VII.

It is "an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice" under Title VII, or "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a); *see also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001). Whether the employee opposes an unlawful practice or participates in a proceeding against the employer's activity, the employee must hold a

reasonable belief that the conduct he opposed violated Title VII. *Long v. Eastfield Coll.*, 88 F.3d 300, 305 (5th Cir. 1996).

To state a claim of retaliation to withstand a 12(b)(6) motion, a plaintiff must state factual allegations, or those from which one could reasonably infer, that: (1) he engaged in a protected activity; (2) she experienced an adverse employment action following the protected activity; and (3) a causal link existed between the protected activity and the adverse employment action. *McCoy v. City of Shreveport,* 492 F.3d 551, 556 (5th Cir. 2007) (footnote and citation omitted); *Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001)*; Mota v. University of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001).

Plaintiff Evans has set forth sufficient facts that she opposed practices that allegedly were discriminatory and unlawful; that she was terminated; and that temporal proximity existed between the allegedly protected activity and her termination, which is sufficient to raise the issue of a causal connection at the pleadings stage.  See Docket Entry No. 1 at ¶¶ 8, 9, 10, 11, 12, 16, 18, and 21.   At this stage, the court only tests the sufficiency of the pleadings; it does not address sufficiency of proof as it would under a summary judgment motion. If Plaintiff is able to prove these allegations, Defendant could be liable to her. Accordingly, Plaintiff has stated a claim upon which relief can be granted regarding her retaliation claim.

## C. Plaintiff Rhodes' Complaint Sufficiently Alleges a Hostile Work Environment Under Title VII.

Ms. Rhodes had the option of stating a hostile work environment claim in two ways: by showing that a single, egregious incident altered the terms and conditions of her employment; or by showing several harassing incidents that are not severe, but are still pervasive enough to create a hostile work environment. *Lauderdale v. Texas Dept. of Crim. Justice*, 512 F.3d 157, 163 (5th Cir. 2007). "[D]iscriminatory verbal intimidation, ridicule, and insults may be sufficiently severe or pervasive to support evidence of a [] hostile work environment." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 347-48 (5th Cir. 2007)(internal quotations and citations omitted). In her Complaint, Plaintiff Rhodes has alleged that she is member of a protected class; she was subjected to severe, unwelcome harassment; the harassment was based on her race; the harassment affected a term or condition of her employment in that it prevented her from adequately performing her duties as the Healthcare Coding Specialist/Auditor and that the Northwest Diagnostic Clinic, P.A. knew or should have known about the harassment, as she complained and failed to take any remedial action. See Docket Entry No. 1 at ¶¶ 24-25. This is enough to put the claim before the Court. Evans' complaint thoroughly lays out the facts she believes surrounded her claims. As such, Plaintiff has met her low burden on motion to dismiss regarding this claim.

## D. Alternatively, Plaintiff Seeks Leave to Amend Her Complaint.

If the Court grants Defendant's motions to dismiss, the Court should also grant Plaintiff leave to amend as permitted by FED. R. CIV. P. 15. *See, e.g.*, *Curley v. Perry*,

7

246 F.3d 1278, 1281-82 (10th Cir. 2001) ("[D]ismissal under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing her an opportunity to amend her complaint would be futile." (internal quotations and citations omitted)). Generally, the court should give the plaintiff at least one chance to amend under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).

## IV. CONCLUSION

For all the reasons as stated herein, Plaintiff Vanessa Evans-Rhodes' claims should move forward in their entirety.

Respectfully submitted:

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
    Melissa Moore
    State Bar No. 24013189
    Federal Id. No. 25122
    Rochelle Owens
    State Bar No. 24048704
    Federal Id. No. 590507
    Lyric Centre
    440 Louisiana, Suite 675
    Houston, Texas  77002
    Telephone: 713.222.6775
    Fax: 713.222.6739

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was forwarded to all counsel of record on the 13th day of August 2013 via the Court's CM/ECF system.

William C. Ferebee
O'DONNELL, FEREBEE, MEDLEY & FRAZER, P.C.
450 Gears Road, Suite 800
Houston, Texas  77067

/s/ Melissa Moore
Melissa Moore

9