UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **VANESSA EVANS-RHODES** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | |
| § | Civ. Action No. 4:13-cv-01626 |
| **NORTHWEST DIAGNOSTIC** § | |
| **CLINIC, P.A.** § | |
| § | |
| Defendant. § | |

## MEMORANDUM & ORDER

This case arises out of Plaintiff Vanessa Evans-Rhodes's ("Plaintiff's" or "Ms. Evans-Rhodes's") employment with — and termination by — Defendant Northwest Diagnostic Clinic, P.A. ('Defendant" or "Northwest Diagnostic"). Before the Court is Defendant's Motion to Dismiss for Failure to State a Claim. (Doc. No. 5.) After considering the Motion, all responses and replies, and the applicable law, the Court concludes that the Motion should be **GRANTED IN PART AND DENIED IN PART**.

## I.    BACKGROUND[1]

Plaintiff Vanessa Evans-Rhodes, an African-American woman, began working for Defendant Northwest Diagnostic Clinic in early January 2011 as a Healthcare Coding Specialist/Auditor. (Doc. No. 1 ¶5.)

The events relevant to this action began on June 2, 2011. (*Id.* ¶ 7.) On that date, one of Plaintiff's co-workers, Sonya Taylor, who Plaintiff avers is a white woman, made a "racially derogatory comment toward African Americans" to Ms. Evans-Rhodes.[2] (*Id.* ¶ 7.) Highly

---

[1] For the purposes of a Motion to Dismiss, the Court takes Plaintiff's factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[2] The record does not disclose exactly what was said.

1

offended, Ms. Evans-Rhodes immediately sought out her supervisor, Pam Audish, who Plaintiff also avers is white, to lodge a complaint.  (*Id.* ¶¶ 6, 8.)  Ms. Audish suggested that Plaintiff "needed to sleep on it," which to Plaintiff implied that "she needed to really think about whether or not she truly wanted to lodge such a complaint."  (*Id.* ¶ 9.)  Ms. Evans-Rhodes also complained to the director of Human Resources about Ms. Taylor's comment.  (*Id.* ¶ 10.)  On June 7, 2011,[3] Plaintiff was terminated.  (*Id.* ¶ 12.)

Plaintiff avers that she has filed a Charge of Discrimination with the EEOC and that the EEOC made a Determination of Retaliation in her favor and issued a notice of right to sue.  (*Id.* ¶¶ 4, 14.)  In this suit, Ms. Evans-Rhodes brings claims of race discrimination and retaliation, pursuant to both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, and 42 U.S.C. § 1981, and a hostile work environment under Title VII.  Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

A court may dismiss a complaint for a "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to

---

[3] Plaintiff's Complaint avers that she was terminated on June 7, 2013.  (*Id.* ¶ 12.)  However, because her complaint earlier stated that she was employed only from January until June *2011*, (*id.* ¶ 5), and because her lawsuit was filed June 3, 2013, the Court assumes this to be a typographical error and that all relevant events occurred in 2011.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement,'" though it does require more than simply a "sheer possibility" that a defendant has acted unlawfully. *Id.* at 678. Thus, a pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

## III. ANALYSIS

### A. Race Discrimination

Title VII makes it "an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, sex, or national origin." 42 U.S.C. § 2000e–2(a). Similarly, the Civil Rights Act of 1866, 42 U.S.C. § 1981, prohibits racial discrimination, both public and private, in the making or enforcement of contracts. 42 U.S.C. § 1981. In both types of cases,[4] the plaintiff bears the burden of proving a prima facie case that the defendant made an employment decision that was motivated by a protected factor. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

Under the *McDonnell Douglas* framework, to state a prima facie case, the plaintiff must show that (i) she is a member of a protected class; (ii) she is qualified for the position; (iii) an adverse employment action occurred; and (iv) she was replaced by someone outside the protected group or was treated less favorably than other similarly situated employees outside the protected group. *Id.* at 802; *see also McCoy v. City of Shreveport,* 492 F.3d 551, 556 (5th Cir.

---

[4] "The analysis for claims under § 1981 and Title VII [is] identical." *Hall v. Cont'l Airlines, Inc.*, 252 F. App'x 650, 653 (5th Cir. 2007) (citing *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005); *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002)).

3

2007).  If the plaintiff makes a prima facie showing, the burden then shifts to the defendants "to articulate a legitimate, nondiscriminatory . . . reason for [the] employment action."  *Id.* at 557.  If the defendants meet the burden of production, then the plaintiff must show that the proffered reason is a mere pretext for the true, discriminatory purpose.  *Id.*

Importantly, however, "[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002).  This is so, at least in part, because "[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case."  *Id.* at 512.  To harmonize *Swierkiewicz* with *Twombly* and *Iqbal*, courts — including this one — have explained that "'while a complaint need not contain specific facts establishing a *prima facie* case of employment discrimination to overcome a Rule 12(b)(6) motion to dismiss, it must nevertheless give fair notice of the basis of Plaintiff's claims, and the claims must be facially plausible.'"  *E.E.O.C. v. Bass Pro Outdoor World, LLC*, 884 F. Supp. 2d 499, 517 (S.D. Tex. 2012) (Ellison, J.) (quoting *Gillman v. Inner City Broad. Corp.*, 08CIV.8909LAP, 2009 WL 3003244, at *4 (S.D.N.Y. Sept. 18, 2009)); *see also Bass Pro*, 884 F. Supp. 2d at 515-16 (collecting cases).

This is a close question.  Defendant is correct that the racially insensitive remark of Plaintiff's colleague cannot, as a matter of law, constitute "an act of discrimination" cognizable under Title VII. (Doc. No. 5 at 4.)  Rather, the only "ultimate employment action" at issue here is Plaintiff's termination.  *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004) (explaining that "an adverse employment action consists of *ultimate employment decisions* such as hiring, granting leave, discharging, promoting, and compensating." (internal quotation marks and citation omitted)).  But, even so, inferences can be drawn from Ms. Evans-Rhodes's

4

allegations that a colleague made a racially insensitive comment, that a supervisor expressed some reservations about addressing that incident, that plaintiff complained without result to Human Resources about racial insensitivity, and, of course, that Plaintiff was ultimately terminated.  It may even be possible to infer that Plaintiff was subjected to racial discrimination in violation of Title VII and Section 1981.  Taking her factual allegations as true, it seems plausible — if perhaps not probable — that an entity that employed an individual who made a racially insensitive remark and a supervisor who discouraged reporting it also terminated Plaintiff because of her race.

On the other hand, the Court finds persuasive Defendant's argument that Plaintiff's Complaint seems to focus upon alleged retaliation, and not racial animus, as the basis for Plaintiff's termination.  (Doc. No. 5 at 4.)  Indeed, in a number of places Ms. Evans-Rhodes's Complaint sets up a cause-and-effect type relationship between her voicing a grievance and her termination.  (*See* Doc. No. 1 ¶¶ 12, 16, 17.)  From the face of the Complaint what seems most likely is that Plaintiff's colleague made a racially insensitive remark, which would not on its own be enough to give rise to a race discrimination claim, Plaintiff complained about it, and that she was terminated on account of her complaints.

In the end, though, the Court finds that Plaintiff has pleaded enough facts to overcome Defendant's Motion to Dismiss.  It is perhaps true that her race discrimination and retaliation claims are still somewhat intertwined.  But that is what discovery is for.  Plaintiff has "give[n] the defendant fair notice of what h[er] claim[] are and the grounds upon which [it] rest[s]," *Cornish v. Lancaster Indep. Sch. Dist.*, CIV.A. 304CV2368G, 2005 WL 170717, at *2 (N.D. Tex. Jan. 24, 2005), and so the Court will allow it to proceed.

### B. Retaliation

To establish a *prima facie* case of retaliation under Title VII, Plaintiff must show that (1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the materially adverse action. *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008). "'Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII.'" *Ackel v. Nat'l Communications, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (quoting *Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 657 (5th Cir. 2002)). The Supreme Court has "h[e]ld that 42 U.S.C. § 1981 encompasses claims of retaliation." *CBOCS West., Inc. v. Humphries*, 553 U.S. 442, 457 (2008). Here too, the courts are to use the standard that they apply in Title VII cases. *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004).

As with race discrimination, plaintiff need not have pleaded all the elements of retaliation to survive a motion to dismiss, but "the Court may explore the plaintiff's *prima facie* case at the dismissal stage to determine 'whether the plaintiff can ever meet his initial burden to establish a *prima facie* case.'" *Brantley v. Kempthorne*, CIV.A. 06-1137ESH, 2008 WL 2073913, at *6 (D.D.C. May 13, 2008) (quoting *Rochon v. Ashcroft,* 319 F.Supp.2d, 23, 29 (D.D.C. 2005)). Plaintiff has certainly pleaded that Defendant took an adverse employment action against her. Further, because Ms. Evans-Rhodes alleges that just a few days passed between her complaints and her termination, the Court can infer a causal relationship between the two. What gives the Court pause, however, is with the first element of a retaliation claim: whether Plaintiff voiced

"opposition to any practice rendered unlawful by Title VII . . . or participat[ed] in any investigation, proceeding, or hearing under Title VII." Ackel, 339 F.3d at 385 (citation omitted).

Relevant here is that first clause, the so-called 'opposition clause.' "Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010). Plaintiff has pleaded that she reported to her superiors and to Human Resources (and thereby opposed) a "racially derogatory comment" made by a colleague. Defendant's primary argument is that, without greater specificity, it is impossible to know "whether Plaintiff reported an unlawful employment practice." (Doc. No. 5 at 5-6.)

Plaintiff need only have had "a reasonable belief that the employer was engaged in unlawful employment practices." *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140 (5th Cir. 1981). Such a belief cannot be reasonable if it is settled law that the conduct in question does not amount to an unlawful employment practice. *See Wilson v. Delta State Univ.*, 143 F. App'x 611, 613-14 (5th Cir. 2005) (explaining that *Payne* seeks to protect the plaintiff who has a mistaken belief as to whether certain conduct is occurring, not the plaintiff who is incorrect as to whether certain conduct is unlawful); *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 428 (5th Cir. 2000) ("To satisfy the 'opposition clause,' Byers need not prove that [defendant's] practices were actually unlawful, but only that he had 'a reasonabl[e] belief that the employer was engaged in unlawful employment practices.'" (quoting *Payne*)); *Kummerle v. EMJ Corp.*, 3:11-CV-2839-D, 2012 WL 2995065 (N.D. Tex. July 23, 2012) *aff'd,* 12-10869, 2013 WL 2248029, at *4 (5th Cir. May 16, 2013) ("A plaintiff's belief is not objectively reasonable if the law is settled that the employment practice complained of is not unlawful under Title VII.").

Applying that standard to this case, to state a viable retaliation claim, Ms. Evans-Rhodes needs to have believed that the comment she reported constituted an unlawful employment practice. And even if she did, her belief cannot run counter to settled federal law. The Court can infer that Plaintiff subjectively believed she was opposing an unlawful employment practice. But the law is all but settled that a single racially derogatory remark cannot amount to an unlawful employment practice. It certainly cannot constitute race discrimination as would be independently actionable under Title VII, as it did not involve an ultimate employment decision.[5] And for the reasons set forth below, a single racially insensitive comment cannot, without more, constitute a hostile work environment. As such, Plaintiff has not pleaded sufficient facts from which this Court could infer plausible retaliation claims; the Court must therefore dismiss them.

### C. Title VII Hostile Work Environment

To prevail on a Title VII hostile work environment claim, "a plaintiff must prove he (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (quoting *Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir. 2002)), *cert. denied,* 133 S. Ct. 136 (2012). In order to affect a "term, condition, or privilege of

---

[5] It may, at first blush, appear counterintuitive that the Court has allowed Plaintiff's race discrimination claim to proceed, but has also determined that her colleague's comment cannot as a matter of law be characterized as race discrimination so as to constitute an unlawful employment practice. The difference is that, when considering whether Plaintiff has stated a claim of race discrimination, all of her allegations — the co-worker's comment, the supervisor's response, and Plaintiff's ultimate dismissal — can be considered. In contrast, on the more specific issue of whether the actions that Plaintiff opposed are enough to support a retaliation claim, the Court can only consider those actions which she alleges she brought to her employer's attention. Here, that is *only* her colleague's comment. (*See* Doc. 1 ¶¶ 8-10.) Put another way, for race discrimination, the Court looks at the whole timeline of events; for the opposition component of a retaliation claim, the Court must press "pause" when Plaintiff alerted her employer of alleged wrongdoing and look backward to see whether race discrimination had already taken place. Here, taking everything in the Complaint as true, as a matter of law, it had not.

employment," harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id*. (citing Ramsey, 286 F.3d at 268). In determining whether an environment is "hostile" or "abusive" within the meaning of Title VII, courts look at the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 434 (5th Cir. 2005) (quoting *Harris v. Forklift,* 510 U.S. 17, 23 (1993)). "To be actionable, the challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so." *Id.* (quoting *Shepherd v. Comptroller of Pub. Accounts,* 168 F.3d 871, 874 (5th Cir. 1999)).

Plaintiff has included in her complaint only the one racially derogatory comment. Defendant contends that a single comment, on its own, is "legally insufficient" to support a hostile work environment claim. (Doc. No. 5 at 6.) That is not technically true. The Supreme Court has left open the possibility that an isolated incident, if "extremely serious," could suffice. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Indeed, while the courts of appeals and fellow district courts do generally require a series of incidents to support a hostile work environment claim, most have declined to rule out that a single "extremely serious" incident could, on its own, suffice. *See E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 400 (5th Cir. 2007) ("Under the totality of the circumstances test, a single incident of harassment, if sufficiently severe, could give rise to a viable Title VII claim . . ."); *DiCenso v. Cisneros*, 96 F.3d 1004, 1008 (7th Cir. 1996) ("Though sporadic behavior, if sufficiently abusive, may support a [discrimination] claim, success often requires repetitive misconduct." (internal quotation marks

and citation omitted)); *Early v. Wyeth Pharm., Inc.*, 603 F. Supp. 2d 556, 578 (S.D.N.Y. 2009) ("Isolated incidents will generally not suffice, however, a single incident that was extraordinarily severe . . . will suffice." (internal quotation marks and citation omitted)).

Yet a whole host of incidents that seem to this Court to be highly severe and patently offensive have been found by other courts to be insufficient, on their own, to support a hostile work environment claim. *See Hiner v. McHugh*, 12-51123, 2013 WL 4034421, at *5 (5th Cir. Aug. 9, 2013) (finding that plaintiff's colleague's use of the phrase "black ass" was "based on race," but not "sufficiently severe or pervasive to alter the conditions of [plaintiff's] employment" so as to "create an abusive working environment"); *McCullar v. Methodist Hosp. of Dallas*, 3:10-CV-1895-K, 2012 WL 760074, at *17 (N.D. Tex. Mar. 8, 2012) (holding that a "reference to a noose is certainly racially inappropriate, highly insensitive, and basically inexcusable" but not "sufficiently severe and pervasive"); *Duran v. LaFarge N. Am., Inc.*, 855 F. Supp. 2d 1243, 1248 (D. Colo. 2012) (finding insufficient "one instance of Plaintiff being referred to as a 'dirty Mexican'"); *Ghaly v. U.S. Dep't of Agric.*, 739 F. Supp. 2d 185, 196 (E.D.N.Y. 2010) ("The Court finds that the 'go help your brother' comment allegedly made by Greenberg is insufficient alone to support a Title VII hostile work environment claim."); *Friend v. Interior Sys., Inc.*, 3:00CV-2170-P, 2002 WL 1058210, at *21 (N.D. Tex. May 23, 2002) *aff'd*, 69 F. App'x 659 (5th Cir. 2003) (holding that plaintiff's co-worker saying "[d]on't no nigger tell me what to do" was "surely offensive," but as a "stray or isolated remark," it was "not sufficient to make out a claim for racial harassment"). In contrast, Plaintiff has not cited any case in which a single incident sufficed to show a hostile work environment.[6]

---

[6] The Court also failed independently to locate an example of a single racially-charged comment sufficing to give rise to a hostile work environment claim. In the context of sexual harassment, at least one court has found that an employer ignoring sexual assault — even where it occurred only once — was sufficiently severe. *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1072 (10th Cir. 1998) ("Grabbing Ms. Lockard's hair and breast while she attempted to

10

Thus, Plaintiff's contention that she must only "me[e]t a low burden" at this juncture is only partially true. (Doc. 6 at 7.) Procedurally, she is correct — her claim must only be plausible. But substantively, Ms. Evans-Rhodes is mistaken. If she intends to rely on a single incident to show a hostile work environment, the bar is extremely high. Putting the two standards together, she must show that it is plausible that this case is that exceeding rare — indeed, perhaps the first — case where one comment is enough. Ms. Audish's unhelpful reaction to Ms. Evans-Rhodes's complaint is not insignificant. *Cf. Butler v. MBNA Tech., Inc.*, 111 F. App'x 230, 235 (5th Cir. 2004) (examining, in its analysis of whether a single incident was sufficiently severe to create hostile work environment, the personnel department's response to offensive actions by plaintiff's supervisor). But even adding that reaction into the mix, the Court just finds it too difficult to infer from Plaintiff's relatively sparse complaint that this could be the extremely rare instance where a single remark standing all by itself created a hostile work environment. Accordingly, the Court must grant Defendant's motion.

## IV.   LEAVE TO AMEND

Federal Rule of Civil Procedure 15 provides that this Court "should freely give leave when justice so requires." *Cole v. Sandel Med. Indus., LLC.,* 413 Fed. App'x. 683, 688 (5th Cir. 2011) (quoting Fed. R. Civ. P. 15(a)(2)). In considering whether to grant leave to amend, the Court may weigh multiple factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility. *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993); *see also United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010) (holding that denial of leave to amend may be appropriate when

---

take their orders and serve their beer is physically threatening and humiliating behavior which unreasonably interfered with Ms. Lockard's ability to perform her duties as a waitress."). But as the Tenth Circuit noted there, that was "more than a mere offensive utterance." *Id.* Plaintiff here has not offered *any* factual allegations from which the Court can infer that Ms. Taylor did more than make an offensive remark.

11

amendment would be futile); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (holding that a proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief can be granted"). The Court cannot say that amendment of Plaintiff's retaliation and hostile work environment claims would be futile; it therefore grants leave to amend those claims within 20 days.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. It is granted with respect to Plaintiff's retaliation and hostile work environment claims. Those claims are dismissed *without prejudice*. The motion is denied as to the race discrimination claims.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this 11th day of October, 2013.

*/s/ Keith P. Ellison*

**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**